FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2017 OCT -5  AM 10: 30

ROBERT HENRY DAVIS,

    Petitioner,

5:17-cv-457-OC-10PRL

v.

R.C. CHEATHAM, COMPLEX WARDEN,

    Respondent.

## MOTION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**NOW COMES** Petitioner Robert Henry Davis, acting in pro se and respectfully files the instant motion for Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging the execution of his sentence for the reasons set forth hereinafter.

### Jurisdiction

The instant motion concerns Ken Hyle, General Counsel for the Federal Bureau of Prisons, denial of Mr. Davis' request for Reduction In Sentence (RIS) under the Compassionate Release Program offered by the Bureau of Prisons. This petition <u>does not</u> concern or challenge the actual determination of denial of Mr. Davis' request for (RIS), but, it does challenge the rules and regulations the General Counsel utilized to deny Mr. Davis compassionate release as being superseded and overwritten by Policy Statements enacted by the United States Sentencing Commission pursuant to Amendment 799 which amended U.S.S.G. § 1B1.13 on November 1, 2016.

Section 2241 is the proper vehicle for a federal prisoner to attack the manner in which a sentence is being executed. United States v. Plain, 748 F.2d 620, 621 (11th Cir. 1984)(citing United States v. Addorizio, 442 U.S. 178 (1979)). It is only when a federal prisoner is challenging the execution of his sentence, rather than the validity of his sentence, that he may proceed under § 2241. Antonelli c. Warden, U.S.P. Atlanta, 542 F.3d 1348. 1351 (11th Cir. 2008).

Herein, Mr. Davis is challenging the execution of his federal sentence on the grounds of being unfairly deprived of the benefits of the Bureau of Prisons Compassionate Release/Reduction In Sentence Program when he clearly qualified for such program, but was nonetheless arbitrarily denied the benefits of such program, i.e. immediate release from imprisonment, all because the General Counsel overlooked and violated recent enacted Policy Statement of the United States Sentencing Commission, and instead used outdated policy statement that had been superseded and abrogated.

Pursuant to 28 CFR § 571.63(b), the General Counsel's denial of Mr. Davis' request for Compassionate Release/Reduction In Sentence constitutes a final administrative decision. Under 28 CFR § 571.63(d), Mr. Davis is precluded from appealing the General Counsel's denial of his request through the Administrative Remedy Procedure. Because the August 17, 2017 decision of the General Counsel is a final administrative decision not subject to further review by the Bureau of Prison, the instant motion therefore ensues.

Under Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013), this pro se petition should be read liberally as not challenging the General

Counsel's discretion to deny Mr. Davis' request for (RIS) but as a challenge to the General Counsel utilization of Policy Statements and Program Statements that had been abrogated by the enactment of Amendment 799 to the U.S.S.G. § 1B1.13.

### Background

In June of 2001, a jury convicted Petitioner of one count to distribute and possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute five kilograms or more of cocaine base in violation of 21 U.S.C. § 841(a), Case No. PJM 00-0424 in the United States District Court for the District of Maryland. The Honorable Peter J. Messitte presided over the criminal proceedings initiated against Petitioner.

Petitioner was sentenced to life in prison and appealed to the Fourth Circuit Court of Appeals, but that court affirmed. United States v. Davis, No. 01-4776, 2003 WL 21019347, at *1 (4th Cir. 2003). In October 2003, the Supreme Court denied Mr. Davis' petition for writ of certiorari. Davis v. United States, 540 U.S. 862 (2003).

### Facts

On February 2, 2017, Mr. Davis, as required by policy, initiated a request to the Warden for a Non-Medical Elderly Reduction in Sentence under Program Statement 5050.49 Section 4(c) Other Elderly Inmates as clarified by the November 1, 2016 Amendment 799 to U.S.S.G. § 1B1.13 entitled Reduction In Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)(Policy Statement).

As a matter of judicial economy, Mr. Davis submits that there is no controversy here as to the fact that he met the criteria for the Reduction In Sentence under both, the Bureau of Prisons abrogated policy as well as the new Age of Defendant criteria set forth under the new amendment. Even the General Counsel concedes this point:

> ... Mr. Davis is 77 years old and has served 16 years and 11 months of his life term of imprisonment. **Accordingly, he meets the criteria for a RIS under section 4(c)**...
>
> Id. **Exhibit A [Memorandum From Ken Hyle, General Counsel]**

Under the new Policy Statement enacted by the United States Sentencing Commission on November 1, 2016 via Amendment 799, Mr. Davis met the criteria for a Reduction in Sentence under the "Age of Defendant" category in that:

> The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75% of his or her term of imprisonment, whichever is less.
>
> Id. **U.S.S.G. § 1B1.13 Application Notes: 1(B) Age of Defendant.**

Although acknowledging that Mr. Davis "meets the criteria for a RIS" under Bureau of Prison regulations, the General Counsel still denies Mr. Davis request on the premises that:

> ... due to the nature and circumstances of his offense, as well as his criminal history, his release at this time would minimize the severity of his offense and pose a risk to the community. Accordingly, his RIS request is denied...
>
> Id. **Exhibit A [Memorandum From Ken Hyle, General Counsel]**

4

### Argument

It is Mr. Davis' contention herein that: (i) Amendment 799 which amended U.S.S.G. § 1B1.13 (Policy Statement) supersedes the Bureau of Prison Program Statement used by the General Counsel to deny Mr. Davis' request for RIS; and (ii) Had the General Counsel utilized the new Policy Statement as set forth in Application Note (4) entitled **Motion by the Director of the Bureau of Prisons**, he would have been inclined to encourage the Director to file the Motion for RIS in the instant case after Mr. Davis had met the circumstances defined as **Extraordinary and Compelling Reasons** that had warranted a reduction in sentence especially after he recognized that Mr. Davis "meets the criteria for RIS". Thus, Mr. Davis was denied due process by the failure of the General Counsel to review his request for RIS under the new Policy Statement.

### Memorandum of Law In Support

The United States Sentencing Commission is required by law, 28 U.S.C. § 994(a)(2) to develop general policy statements regarding application of the guidelines and other aspects of sentencing that in the view of the Commission would further the purposes of sentencing (18 U.S.C. § 3553(a)(2)), including among other things, the appropriate use of the sentence modification provisions set forth in 18 U.S.C. § 3582(c). In doing so the Commission is authorized by 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." Thus, the policy statement of U.S.S.G. § 1B1.13 as amended by Amendment 799 implements 28 U.S.C. § 994(a)(2) and (t) and the due process of law attached to those statutes.

It is the Bureau of Prisons obligation to be abreast of such policy statements and to adjust its Program Statements accordingly. Most importantly, it is the obligation of the Bureau of Prison to adhere to such policy statements without deviation in making determinations with regards to its programs.

In conformity to 28 U.S.C. § 994(a)(2) and (t), on November 1, 2016, the United States Sentencing Commission enacted Amendment 799 to the United States Sentencing Guidelines as a result of the Commission's review of the policy statement pertaining to "compassionate release" at § 1B1.13 (Reduction in Term of Imprisonment as a Result of Motion by the Director of Bureau of Prisons). The amendment effectively superseded the Bureau of Prison Program Statement 5050.49 dated August 12, 2013 and broadened certain eligibility criteria for compassionate release and encouraged the Director of the Bureau of Prisons to file a motion for compassionate release when "extraordinary and compelling reasons" exist.

The reason for the enactment of Amendment 799 is instructive. The Commission had conducted an in-depth review of the Bureau of Prisons' Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g) (Program Statement 5050.49) as well as Bureau of Prisons data documenting lengthy review of compassionate release applications and low approval rates, as well as two reports issued by the Department of Justice Office of the Inspector General that are critical of the Bureau of Prisons' implementation of its compassionate release program. See **U.S. Department of Justice, Office of the Inspector General, The Federal Bureau of Prisons' Compassionate Release Program, I-2013-006 (April 2013); and U.S. Department of Justice, Office of the Inspector General, The Impact of the Aging**

6

**Inmate Population on the Federal Bureau of Prisons, E-15-05 (May 2015).** So in February of 2016, the Commission held a public hearing on compassionate release and received testimony from witnesses and experts about the need to broaden the criteria for eligibility, to add guidance to the medical criteria, and <u>to remove other administrative hurdles that limit the availability of compassionate release for otherwise eligible defendants</u> as Mr. Davis.

In light of the Commission's finding from the review, the amendment added a new application note (4) that encourages the Director of the Bureau of Prisons to file a motion under 18 U.S.C. § 3582(c)(1)(A) if the defendant meets any of the circumstances listed as "extraordinary and compelling reasons" in § 1B1.13. This new application note was added <u>because the Commission had heard testimony and received public comment concerning the inefficiencies that exist within the Bureau of Prisons' administrative review of compassionate release applications, which can delay or deny release, even in cases where</u> (as in the instant case with Mr. Davis) <u>the applicant appears to meet the criteria for eligibity</u>. As applied to Mr. Davis the due process that Amendment 799 was designed to ensure was trample upon by the General Counsel failing to follow the new Policy Statement. The administrative hurdles which Amendment 799 was enacted to remove were erected even higher by the General Counsel in the instant case.

Even more egregious is the fact that the factors that the General Counsel used to countervail granting the RIS request in the instant case were factors that the Commission explicitly addressed in enacting Amendment 799, as the Commission further found that — while only the Director of the Bureau of Prisons has the statutory authority to file a motion for compassionate release—

7

however, " the court is in a unique position to assess whether the circumstances exists, and whether a reduction is warranted (and, if so, the amount of reduction) including the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, <u>and whether the defendant is a danger to the safety of any other person or to the community.</u>" Thus, the General Counsel's reasoning for denying Mr. Davis request had been placed solely within the domain of the court by Amendment 799. After finding that Mr. Davis met the criteria for an RIS, had the General Counsel utilized the new policy statement, the recommendation should have been to encourage the Director of the Bureau of Prisons to file the motion under 18 U.S.C. § 3582(c)(1)(A).

## Conclusion

Mr. Davis was denied the due process afforded to him during the review proceeding. Wherefore, he pray that this Court grant the instant motion for writ of habeas corpus and fashion the appropriate remedy.

Respectfully submitted,
*Robert H. Davis*
Robert H. Davis 36428-037
Federal Correctional Complex Coleman
United States Penitentiary #1
P.O. Box 1033
Coleman, Florida 33521-1033

8

## Certificate of Service

I HEREBY CERTIFY that I have forwarded the original and four (4) copies of the instant:

**MOTION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

to:   Clerk of Court, USDC
      207 N.W. 2nd Street, Room 337
      Ocala, Florida 34475

via United States Postal Mail Service, first-class postage prefixed on this <u>6th</u> day of <u>October</u>, 2017.

By: *Robert H. Davis*
Robert Davis, pro se

**Exhibit A**



U.S. Department of Justice

Federal Bureau of Prisons

Washington, DC 20534

AUG 17 2017

MEMORANDUM FOR R.C. CHEATHAM, COMPLEX WARDEN
UNITED STATES PENITENTIARY-1
COLEMAN, FLORIDA

FROM: Ken Hyle
Acting Assistant Director/General Counsel

SUBJECT: DAVIS, Robert Henry
Federal Register No. 36428-037
Request for Reduction in Sentence

Please be advised that Mr. Davis' request for a reduction in sentence (RIS) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and PS 5050.49, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, section 4(c) ("Other Elderly Inmates") is denied. We have carefully reviewed the documentation accompanying this request and have consulted with the Assistant Director for the Correctional Programs Division.

Section 4(c) of PS 5050.49 provides that an inmate who is age 65 or older and has served the greater of 10 years or 75 percent of his term of imprisonment may be considered for a RIS. In addition, section 7 of PS 5050.49 requires in all RIS cases consideration of factors such as the nature and circumstances of the inmate's offense; the inmate's criminal history; the inmate's institutional adjustment; whether release would minimize the severity of the offense; and whether release would pose a danger to the safety of any other person or the community.

Mr. Davis is 77 years old and has served 16 years and 11 months of his life term of imprisonment. Accordingly, he meets the criteria for a RIS under section 4(c). However, due to the nature and circumstances of his offense, as well as his criminal history, his release at this time would minimize the severity of his offense and pose a risk to the community. Accordingly, his RIS request is denied.

Please provide Mr. Davis with a copy of this decision.

cc: J. A. Keller, Regional Director, Southeast Region